### HALLET & WALKER EX'RS, &C. V. O'BRIEN.

1   When the facts of a case show that a witness stands in such a relation to the parties to a suit, that he will be liable precisely to the same extent to the unsuccessful party, his interest is balanced and he is therefore competent.
2.  The plaintiff, to prove his demand for work and labor, introduced a witness, who is the person by whose direction the work is done; it appeared that the witness was himself under contract to do the same work for the defendant's testator. The interest of the witness is balanced because he is liable to the unsuccessful party, whatever it may be—to the plaintiff for the work done—and for his failure to perform his contract with testator.

Writ of error to the County Court of Mobile county.

ASSUMPSIT for work and labor. The pleas pleaded by the defendants, do no appear in the transcript, but it does appear that a trial was had on an issue submitted to the jury.

In the progress of this trial, the plaintiff, O'Brien, offered one Keho, as a witness, to whom the defendants objected, supposing him to be incompetent, on account of interest. To establish his incompetency, they gave in evidence an instrument in writing, signed by the witness and Joshua Kennedy, the defendants testator, by which it appeared that the witness had agreed to fill up a certain lot in the city of Mobile, in a certain manner, for a certain price, to be paid by Kennedy on the completion of the work. They also gave in evidence another instrument, signed by the witness and another person, which acknowledged the receipt from Kennedy, of the full price agreed to be paid by the former contract. This stated that the work was not completed, and contained an agreement to complete the job within two months after a certain barrier should be placed on the lot by Kennedy.

It further appeared, from the statement of the witness, that some time after the barrier was finished, Kennedy called on the witness, and wished him to go on with the work. The witness said he had quit the business, and sold his carts, but could procure the plaintiff to do the work. Kennedy then said it was immaterial to him who did it; that the plaintiff agreed to do the work on the procurement of the witness, but that

Kennedy was to pay the plaintiff, and not the witness; that Kennedy did agree and admit that he was to pay the plaintiff for the work. The Court overruled the objection to the witness, who was admitted to give evidence, and the defendant excepted.

A verdict was found, and judgment rendered thereon for the plaintiff, which the defendants now seek to reverse for the supposed error, in admitting this witness to give evidence.

Other questions were likewise presented by the assignments of error, but were not pressed in the argument, and are unnoticed in the opinion of the Court.

STEWART, for the plaintiff in error, cited 1 Phillips on Ev. 130; 3 Camp. 317; 4 Mass. 653; 8 Cowen, 60; 1 Cowen, 535.

He insisted, that as soon as the interest of the witness appeared, that it could not be removed by any statement made by him.

CAMPBELL, contra, cited 5 Ohio R. 424; 9 Cranch, 39; 5 Mason, 241; 12 Eng. C. L. R. 32; 16 John, 95.

GOLDTHWAITE, J.—We fully agree with the counsel for the plaintiff in error, that it would be improper to permit a witness to disprove his interest, when that is once established, but in this case, the interest did not appear from the mere inspection of the writings given in evidence; these established nothing more than the fact that a contract had been made by the witness to do a particular job of work; that this work was the same, for a portion of which the plaintiff sought a recovery, no where appears except from the statement of the witness. Whether this statement, connected with the written evidence, showed a disqualifying interest, is the matter to be now examined.

We think the fair conclusion to be deduced from what the witness said, is, that he employed the plaintiff to do the work, and it is not an unreasonable inference that Kennedy's name was not then disclosed. Having thus made the contract with the plaintiff without disclosing the name of Kennedy, even if it is admitted that he was his agent, he became personally responsible, and therefore is interested on this side of the case, as

Hallet & Walker *v.* O'Brien.

shewn by the decision cited from Campbell. McBrain v. Fortune, 3 Camp. 317.

But let us examine and see how his interest stands on the other side. Should the plaintiff recover, he then becomes responsible to the defendants, as the executors of Kennedy, for the precise sum they shall be compelled to pay for doing the work, which it is admitted the witness was bound to perform. It seems to us impossible to escape from this conclusion; and we must hold the witness to stand indifferent between these parties, because he is liable precisely to the same extent, to whichever of them is unsuccessful.

And this brings the case within the influence of the perfectly well recognized principle, that if the interest of the witness is equally balanced between the parties, he is competent. Hudson v. Robinson, 4 M. & S. 475; Ridley v. Taylor, 13 East, 175; Evans v. Williams, 7 Term, 480; Ilderton v. Atkinson, ib. 481; Shuttleworth v. Stephens, 1 Camp. 407; Milward v. Hallett, 2 Caines, 77.

We are compelled to admit that we cannot distinguish the principle decided in the case of Everton v. Andrews, 4 Mass. 653, from the case we have just now considered, but we must decline *our* adoption of it, because it seems entirely at variance with well established rules. In doing this, we are supported by the opinion of the Supreme Court of New-York, in Marquand v. Webb, 16 John. 88, in which the Massachusetts case is examined, and denied to be law.

The other points made in this case have been examined, and do not call for a written opinion.

Let the judgment be affirmed.