# M. A. & J. H. MYATT v. LOCKHART AND MASSEY.

1. In a contest between the plaintiff in attachment and a garnishee, the defendant in the attachment is a competent witness to prove that before the attachment issued, he had transferred the note sought to be condemned

for a valuable consideration, to a third person, who has assigned it to the garnishee—his interest being balanced, or preponderating against the garnishee who offers him. [The head note in Scott, Slough & Co. v. Stallsworth, 12 Ala. Rep. 25, corrected.]

2. But such third party, being liable once upon his transfer to the garnishee in the event the plaintiff in attachment succeeds, is not a competent witness, although, upon his *voir dire*, he disclaims any interest in the event of the suit.

Error to County Court of Perry.

The defendants in error were garnisheed to answer what they were indebted to Johnson & Patton, against whom, the plaintiff in error had sued out an attachment, returnable to the county court. They answered, denying indebtedness, but stated that two notes were placed in their hands, for small amounts, payable to Johnson & Patton, and which were handed them as attorneys at law to collect, by one Dearing, to whom they had executed the usual receipt. That said receipt had been assigned by said Dearing to George P. Massey. That suits were brought on the notes for the use of Lockhart, one of the defendants, in the name of Johnson & Patton. Judgments rendered,—the money was collected and by them paid over to George P. Massey, the assignee, before service of the garnishment on them. The answer was contested under the statute, and notice issued to Dearing to come in and contest, who makes default, and an issue was then made up between the plaintiff and defendants in error. Upon the trial, the defendants offered Johnson, one of the defendants in the attachment, to prove a transfer of one of the notes made by him to Dearing on good consideration, before the attachment issued, who was allowed to be examined against plaintiff's objection. The defendants then offered Dearing, who had transferred the receipt of the garnishees to him, to the said George P. Massey. This witness swore he was not interested in the event of the suit, and was allowed to testify, the plaintiffs excepting, &c. The decisions of the court in ruling Johnson and Dearing competent witnesses, are assigned for error.

H. Davis, for plaintiffs in error.
No counsel for defendants.

CHILTON, J.—The witness, Johnson, was clearly competent. If he had any interest, or rather, if his interest was not completely balanced, it preponderated in favor of the plaintiffs in error; for having sold and assigned the note to Dearing, as he states, for a horse which he obtained, he may be interested in making it pay a debt which he owes the plaintiffs, and thus avail himself of it twice. See Hallet and Walker v. O'Brien, 3 Ala. Rep. 455; Holman v. Arnet, 4 Por. Rep. 53. This view does not conflict with the principle settled in Scott, Slough & Co. v. Stallsworth, 12 Ala. 25, although the head note in that case states that in a contest between creditors on a garnishment, the *debtor*, under the act of 1845, is not a competent witness. Still, the facts in that case show the debtor was the *defendant in execution.* To extend the statute by construction to all controversies between the creditors of *a debtor*, so as to exclude the latter from being a witness, would work an important and radical, as well as a very inconvenient change in the law of evidence, and the more so as it might apply as well in chancery as at law. Had the legislature intended to exclude the defendant in the attachment as a witness in trials upon contested garnishments, as well as defendants in execution, we apprehend the intention would have been expressed, and not left to doubtful construction. The leaning of courts in all doubtful cases, is to allow the witness to testify,—the objection, if any, going to his credibility, not to his competency.

The witness, Dearing, does not stand in the same position. He is the vendor, or the party who has transferred the *chose in action* to one of the defendants, and is interested in sustaining his sale; being, as we must infer, liable over to Massey, should the demand he has transferred be condemned. True, he states he has no interest in the event of the suit, but the law raises the interest from the facts shown to exist, and while the witness may very honestly suppose he is not interested, still his liability renders him incompent. He is *prima facie* interested, and the party offering him should have rebutted the legal presumption of interest, either by showing some peculiar provision in the contract of transfer by which he was not to be liable in the event of a failure on the part of Massey to realize the sum due upon the note, or

that his liability had been released. Frow & Ferguson v. Downman, 11 Ala. Rep. 880; Brown v. Brown, 5 Ala. Rep. 508. Judgment reversed.