J. R. WATKINS MEDICAL COMPANY *v.* MONTGOMERY.

Opinion delivered November 17, 1919.

1. PRINCIPAL AND SURETY—FRAUD—LIABILITY OF SURETY.—M. entered into a contract with W. and procured the signature of A. to the same as his surety. In an action by W. against M. and A. for breach of the contract, A. can not escape liability to W. on the ground that, as between M. and himself, his signature was procured by fraud.

2. SAME—SAME—SAME.—In the same action, A. can not defend on the ground that the name of a witness to his signature was forged, because a witness was not necessary to the validity of his agreement.

3. SAME—SIGNATURE OF SURETY BY MARK—WITNESSES—VALIDITY.— A signature to a suretyship contract made by mark and properly witnessed by two witnesses, makes the same a *prima facie* signature under the statute.

4. SAME—DENIAL OF SIGNATURE BY SURETY—UNQUALIFIED DENIAL.— One charged as surety must deny the same by unqualified denial by affidavit, in order to take advantage of Kirby's Digest, section 3108.

5. SAME—SAME—SAME.—The purpose of Kirby's Digest, section 3108, is to permit the party who files a written instrument with his pleadings to introduce it in evidence as genuine unless its genuineness is first denied under oath.

6. SAME—SAME—SAME.—A mere denial by a surety of the genuineness of his signature to the contract puts that proposition in issue before the jury, and places on the plaintiff the burden of establishing his cause of action, but when the affidavit provided for in Kirby's Digest, section 3108, has not been filed, plaintiff may introduce the writing in evidence without other proof of its execution.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

*Strait & Strait,* for appellant; *Tawney, Smith & Tawney,* of counsel.

1. Under the facts and circumstances here appellant was entitled to a directed verdict as against Warren. 44 N. Y. 640; 11 Utah 29; 130 U. S. 643.

2. However, if a case was made for a jury at all, it was error to give No. 4. The contract was not that of principal and agent, but of purchase and sale, and was

not to become effective until signed by Montgomery and his sureties, Warren and Hall. The relation between Montgomery and plaintiff was that of debtor and creditor and therefore conflicting, and Montgomery was acting for himself and not as agent of plaintiff. 199 S. W. 779; 146 N. W. 329; 66 N. Y. 326; 58 *Id.* 315; 127 *Id.* 417-423; 28 N. E. 402-4; 82 N. Y. 121-7; 51 Conn. 310; 50 Am. Rep. 21; 89 Ill. 237; 113 Ind. 521; 16 N. E. 196; 110 Va. 286; 67 S. E. 182; 135 Am. St. 937; 92 U. S. 93, 100.

' 3. It was error also to refuse Nos. 5, 7 and 8 for appellant. Cases *supra.*

Hall's signature fully complies with our statute. Kirby's Digest, § § 7709, 6120-2, 3108; 65 Ark. 324; 68 Minn. 108; 156 N. W. 265; 63 N. W. 95; 61 Minn. 40; 110 Minn. 82; 124 N. W. 637. The statute made the notes *prima facie* evidence that they had been duly executed. 155 N. W. 214. See also 61 Minn. 40; 112 N. W. 889; 155 *Id.* 214.

4. The joint answer of defendants verified by defendant Hall is not such a denial as is required by statute, and the court erred in taking the case from the jury. The defendant, Warren, knew or is charged with notice of Montgomery's authority and power to bind plaintiff. 126 Ala. 535-551; 28 So. Rep. 517; Bigelow on Estoppel, 558; 38 Mich. 475; 16 Cyc. 681; 199 S. W. 779; 146 N. W. 329; 82 N. Y. 121-7; 66 *Id.* 326; 51 Conn. 310; 50 Am. Rep. 21; 127 N. Y. 417-423; 28 N. E. 402-4; 89 Ill. 237; 113 Ind. 521, etc.; 92 U. S. 93-100. See also 134 N. C. 415; 101 Am. St. 845-850; 90 *Id.* 177-194; 183 Mo. 386; 105 Am. St. 496 and note, 7 B, p. 512; 166 Pac. 1072; 5 Elliott on Cont. 393; 101 U. S. 633. There was no evidence to show that Montgomery was in any way authorized to make any statements or representations binding plaintiff in procuring defendants Warren and Hall to sign as sureties; that the plain and unambiguous terms of the contract negative such a conclusion; that the joint answer and verification of defendant Hall on belief only were not sufficient, and plaintiff was entitled to a directed verdict against both defendants, Hall and Warren.

*J. Allen Eads,* for appellee Hall.

1.   Hall did not sign the contract nor did appellant prove his signature.   His answer denies it under oath. No additional oath was necessary.   35 Ark. 203; Kirby's Digest, § § 6120-6122; 38 Ark. 278; 49 Ark. 19; 126 N. W. 1108; 26 Am. Ann. Cases 193.

2.   One who relies on a writing has the burden of proving genuineness of the signature thereto.   The burden was on plaintiff here.   239 Ill. 595; 88 N. E. 178; 5 Me. 204; 44 Mich. 344; 6 N. E. 178; 6 N. E. 823; 19 Okla. 55; 91 Pac. 839; 40 S. W. 185; 30 Neb. 104; 46 N. W. 276; 88 *Id.* 954; 147 S. W. 739; 41 Ala. 626; 76 *Id.* 466; 163 *Id.* 603; 50 N. E. 1027.   The verdict is correct and should be affirmed.  ·

*Edward Gordon,* for appellee Warren.

1. . Under the law plaintiff, appellant here, did not make out a case, as it failed to introduce and prove the contract properly, and improper evidence was introduced which should have been excluded, because it is improper to permit an instrument in evidence where there has been an alteration without first explaining the alteration, which plaintiff did not do nor undertake to do.   Warren and Hall were guarantors only and not sureties, and their contract was a separate one and not entered into by their principal, Montgomery, who was the agent of appellant, and it was bound by his fraud and misrepresentations.   The forgery was a material alteration of the contract, and Warren was released from all liability. Brandt on Sur. & Guar., § 1.

2.   Warren demurred to the complaint, and his demurrer should be treated as a motion to dismiss, as he and Montgomery should not have been joined in one suit. 4 W. Va. 29·; 7 Metc. 518; 36 Am. St. 210.

3.   Montgomery was the agent of the appellant and represented it in procuring this guaranty and requested Warren to sign.   111 Ark. 436.   And appellant is bound by its agent's fraud, forgery and misrepresentations. 34 Fed. 104; 5 Ark. 380; 49 *Id.* 48; 35 *Id.* 154; 102 Ark. 302.

The contract was void as to Warren by the alterations made. 48 Am. Dec. 412; 70 Miss. 157; 11 So. Rep. 567; 30 Am. St. 631; 10 Am. Rep. 232; 47 Am. Dec. 299; 24 L. R. A. (N. S.) 1155 and note.

4. The addition to a note of a new signature is a material alteration which avoids it. 90 Ala. 553; 12 L. R. A. 140; 127 Ala. 292; 51 L. R. A. 403; 87 Am. Dec. 451 and note; 57 A. S. R. 281; 33 Am. Dec. 479; 86 A. S. R. 94, note; 2 C. J. 1207, § 58; 34 Fed. 109.

5. Any material alteration avoids a note. 5 Ark. 377; 79 Am. Dec. 506; 47 N. W. 692; 25 Am. Rep. 76; 47 *Id.* 69, note; 12 L. R. A. 140; 3 *Id.* 724, note; 22 Am. Dec. 92. See also 11 Am. Rep. 363; 26 *Id.* 536; 72 Am. Dec. 263; 79 Am. Dec. 745 and note; 3 L. R. A. 724 and note; 22 Am. Dec. 92.

The proof is clear that the contract was materially altered and void and appellant failed to make out a case and the judgment should be affirmed.

McCULLOCH, C. J. Appellant instituted this action in the circuit court of Conway County against N. E. Montgomery to recover the sum of $1,887.23, alleged to be due on contract for the purchase price of certain articles sold and delivered to the latter by appellant, and against appellees, W. L. Warren and J. J. Hall, as sureties on the contract of Montgomery with appellant. There was a recovery below in favor of appellant against Montgomery, from which judgment there has been no appeal.

Warren defended in the trial below on the ground that he was induced to sign the contract of suretyship by fraudulent misrepresentations of Montgomery, and the verdict of the jury was in his favor.

Hall defended on the ground that he did not sign the contract of suretyship, and that his name subscribed to the contract was a forgery. The court took the case from the jury as to the liability of Hall and an appeal has been prosecuted by appellant as to the judgments in favor of Warren and Hall.

(1)   The testimony of Warren tended to show that he was induced to sign the contract of suretyship by false and fraudulent misrepresentations made to him by Montgomery, and the court instructed the jury that if the signature of Warren was procured by such fraudulent misrepresentations he was not bound by the contract. This was error.   Montgomery was the principal in the contract with appellant, and Warren was one of the sureties.   Regardless of the nature of the contract between appellant and Montgomery, whether it was one creating the relation of agency between them as to their transactions or whether it was a contract for the sale and delivery of merchandise, Montgomery was not the agent of appellant in the procurement of sureties in the performance of his contract with appellant.   In procuring sureties Montgomery was necessarily acting for himself and not for appellant.

(2)   It is also urged on behalf of appellee Warren, apparently for the first time here, that there had been a material change in the contract in that, according to the testimony adduced, the signature of one of the witnesses to his (Warren's) signature to the contract was a forgery, or at least was unauthorized, and that this constituted a material alteration which discharged the sureties. It is undisputed that Warren signed the contract of suretyship in his own handwriting and the unauthorized addition of the name of a witness was not an alteration of the instrument itself.   The signature of Warren to the contract needed no witness, for it was complete and valid without a witness and the unauthorized signature of the witness added nothing to it.   This is discussed in view of the reversal of the judgment on the ground set forth above.

(3)   Appellee Hall in his answer filed jointly with the other defendants denied the execution of the contract, and the answer was verified by the affidavit of Hall, being a verification on belief as provided by statute with reference to verification of pleadings.   Kirby's Digest, § 6120.   On the trial of the cause, appellant introduced

the contract, but there was no other testimony introduced either tending to support or dispute the genuineness of the writing so far as it concerned appellee Hall, and on the final submission of the case to the jury the court gave a peremptory instruction in Hall's favor. Hall's signature to the contract was by mark and was witnessed by the signatures of two persons whose name appeared written near the name of Hall. This was sufficient to make a *prima facie* signature under the statute. Kirby's Digest, § 7799. We have a statute which reads as follows:

(4) "Where a writing purporting to have been executed by one of the parties is referred to in, and filed with, a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun." Kirby's Digest, § 3108.

(5-6) This statute was not complied with by appellee Hall, for it will be observed that an unqualified denial in the affidavit is required by the statute, whereas the affidavit in the verification of his answer was merely on belief. The purpose of the statute is to permit the party who files a written instrument with his pleadings to introduce it in evidence as genuine unless its genuineness is first denied under oath. *St. Louis, Iron Mountain & Southern Railway Co.* v. *Smith*, 82 Ark. 105. The answer of appellee Hall denying the genuineness of his signature to the contract was sufficient to put the question at issue before the jury and place the burden of proof on the plaintiff in the case to establish the cause of action, but the affidavit required by statute not being filed, appellant had the right to introduce the writing in evidence without other proof of its execution. If other testimony had been introduced attacking the genuineness of the signature, it would have still been a question for the jury to determine whether or not the instrument was genuine, with the burden still on appellant to establish its case by a preponderance of the evidence.

Our conclusion, therefore, is that the court erred in withdrawing this issue from the jury.

The judgments in favor of Warren and Hall are, therefore, reversed, and the cause is remanded for a new trial.