FURST & THOMAS *v.* MOSELEY.

Opinion delivered December 14, 1925.

GUARANTY—FRAUDULENT REPRESENTATION OF DEBTOR.—Where a contract guaranteed payment of the balance of account for goods previously purchased by the debtor, misrepresentations of the debtor to the guarantor that there was no unpaid account do not bind the creditor nor release the guarantor, in the absence of knowledge or participation of the creditor in such misrepresentation.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*Avery M. Blount,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

SMITH, J.    This suit was brought by appellants, Furst & Thomas, against I. B. Chrisp, as principal, and

Perrie Moseley, G. W. Skinner and T. B. Scarborough, as sureties. No service was had upon Chrisp, as he had left the State, and no answers were filed by Skinner and Scarborough, and judgments were rendered against them by default, but appellee Moseley filed an answer and cross-complaint. From these pleadings it appears that Chrisp had been engaged in the sale of merchandise furnished him by appellants, Furst & Thomas, for that purpose, and on December 23, 1922, a written contract was entered into whereby Furst & Thomas agreed to sell Chrisp certain goods and merchandise on a credit. On the same day Moseley, Skinner and Scarborough executed a contract of suretyship guaranteeing the payment of all goods sold and delivered to Chrisp, including any balance due on his contract.

The contract of suretyship was executed by signing one of the printed forms used by appellants for this purpose, and its provisions are as follows:

"For and in consideration of the payment of $1, the receipt whereof is hereby acknowledged, and the extension of credit to the above-named merchant by Furst & Thomas, we, the undersigned, jointly and severally guarantee to them the faithful performance of the above contract by him and payment for goods furnished to him on credit, as therein provided, including any balance on his account for goods previously purchased by him and remaining unpaid at date of its acceptance, waiving acceptance of this guaranty and all notice, and we agree that the written acknowledgment of his account by the said merchant shall bind us, and that any extension of time shall not release us from liability thereon, and we further agree that after three months from the termination of the above agreement by either party and the non-payment of his account by said merchant, this guaranty shall become absolute as to the amount due from him, and upon demand we promise to pay the amount due Furst &

Thomas without any proceeding being taken by them against the said merchant.

"(Guarantors sign here in ink)

| "Name | Occupation | P. O. Address |
|---|---|---|
| Perrie Moseley | Farming | Bald Knob |
| George W. Skinner | Farmer | Bald Knob |
| T. B. Scarborough | Farmer | Bald Knob" |

It was alleged in the complaint that Chrisp was indebted to appellants, Furst & Thomas, in the sum of $1,123.93, and judgment therefor was prayed.

In appellee's answer he denied that he was liable for any balance due by Chrisp for goods and merchandise furnished prior to the execution of the contract set out above, because that contract did not show on its face that Chrisp was then indebted to Furst & Thomas, and appellee was assured by Chrisp that there was no outstanding indebtedness. Appellee relied upon this representation of Chrisp and was induced to believe it because the contract did not show any sum then claimed by Furst & Thomas as due them.

Appellee admitted that certain goods had been furnished Chrisp since the execution of the bond, and he offered to confess judgment for the value thereof.

Appellants demurred to so much of the answer as denied liability for the goods furnished Chrisp before the execution of the bond sued on. This demurrer was overruled, and plaintiffs stood on the demurrer, whereupon judgment was rendered against appellee for the amount for which appellee offered to confess judgment, and plaintiffs have appealed.

The writing sued on appears to be an unambiguous contract whereby the sureties agree, in consideration that goods be furnished their principal, to pay for such goods, together with any balance due for goods previously furnished, and we perceive no reason why the contract must not be enforced according to its terms.

In the case of *People* v. *Lee,* 104 N. Y. 441, the court of appeals of that State said: "While the liability of

guarantors is *strictissimi juris,* and cannot be extended by construction beyond the plain and explicit language of their contract, they are still subject to the rule that effect must be given to all of the language of the contract, and a meaning and effect ascribed to each of the words and phrases used therein, if it can be done without violating its plain intent. The general rule is undoubtedly that a contract cannot be construed to have a retroactive operation, and that such an effect can be given to it only where, by express words or by necessary implication, it clearly appears to be the intention of the parties to embrace past transactions, but, when this does appear, it is undisputably competent for parties to bind themselves for such liabilities.''

By the terms of the contract here sued on the sureties obligated themselves to pay ''the regular wholesale price for all goods sold to him (Chrisp) by them (Furst & Thomas), including any balance on his account for goods previously purchased by him, and remaining unpaid at date of acceptance of this contract.'' There is no allegation that Furst & Thomas were parties to or aware of the alleged fraudulent representation of Chrisp that he was not then indebted to Furst & Thomas.

In the case of *J. R. Watkins Medical Co.* v. *Montgomery,* 140 Ark. 487, 215 S. W. 638, Warren, the surety on a contract which was similar to the one here sued on, defended on the ground that he was induced to sign the contract by the fraudulent misrepresentation of Montgomery, the agent of the plaintiff medical company. We said this defense, if true, did not avail Warren, it not being shown that the plaintiff medical company was aware of or a party to the misrepresentation. We said that Montgomery was the principal in the contract of suretyship, and Warren was his surety, and that, regardless of the nature of the contract between appellant and Montgomery, whether it was one creating the relation of agency between them as to their transactions or whether it was a contract for the sale and delivery of merchan-

dise, Montgomery was not the agent of appellant in the procurement of sureties in the performance of his contract with appellant. In procuring sureties Montgomery was necessarily acting for himself and not for appellant."

So here Chrisp was not the agent of the plaintiffs in securing sureties to the guaranty contract; he was acting for himself, and his misrepresentations in regard to his existing liability could not bind the plaintiffs in the absence of knowledge of or participation in the misrepresentations.

The answer did not set out any valid defense, and the demurrer therefore should have been sustained. *Watkins Medicine Co.* v. *Coombs,* 166 Pac. 1072; *Saginaw Med. Co.* v. *Batey,* 146 N. W. 329; *Watkins Medicine Co.* v. *Hunt,* 177 N. W. 462; *Furst & Thomas* v. *Sandlin,* 94 Sou. 740; *Watkins Medicine Co.* v. *McCall,* 133 N. W. 966. These cases cite numerous others to the same effect, the decision in all of them being in line with our own decision in the case of *J. R. Watkins Medical Co.* v. *Montgomery, supra.*

The judgment of the court below will therefore be reversed, and the cause will be remanded with directions to sustain the demurrer to the answer.