BRIGGS v. J. R. WATKINS CO.

No. 31698. March 20, 1945.

*157 P. 2d 462.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

Ted Flanagan, of Tulsa, for defendant in error.

BAYLESS, J. This appeal is from the court of common pleas for Tulsa county and involves the correctness of that court's orders sustaining a demurrer to one defense and sustaining a motion striking certain other matter from the answer of the defendant. R. L. Briggs et al. signed a bond for one Smith who was to act as agent and salesman for the J. R. Watkins Company, a corporation. The company brought this action to enforce the obligation on the bond and was able to serve Briggs only, and the cause proceeded to trial as between them.

Briggs urges that it was erroneous to strike a part of the fifth defense set out in his answer in view of our decision in J. R. Watkins Co. v. Jennings, 131 Okla. 295, 269 P. 265. That case is authority for the rule that the obligee on such a bond is bound to notify the sureties of defaults of their principal that indicate bad faith, moral turpitude, or unfitness for trust, and the obligee is bound after having notice of such conduct on the part of the

principal to govern his future business relations accordingly. The facts in that case and in this are similar in that soon after the inception of the business relation between the obligee and the principal on the bond the principal began to send checks to the obligee in payment for merchandise sold him, which checks went to protest. In the case, supra, we held that such conduct on the part of the principal brought into play the rule announced and applied in that case.

The company, obligee on the bond, urges in opposition to this that there is a difference between the bond involved in the case supra and the bond before us, and calls attention to the following language in the bond before us:

"We hereby waive any notice of any default or of nonpayment by the Purchaser, or of the acceptance of this undertaking, or of the making of any sales contracts or agreements between the Purchaser and the Company, or of the terms or conditions thereof, or of the extension or limitation of credit to the Purchaser, together with any demand upon the Purchaser for payment or any proceedings against him."

Based upon the appearance of this language in the contract before us they urge that the rule in the case supra does not apply because the sureties on the bond expressly waived notice of any default or nonpayment by the purchaser. Company also urges the incorrectness of the rule announced in the Watkins v. Jennings Case, supra, but we deem it unnecessary to discuss this phase of the case in view of the provision in the bond quoted supra.

We are of the opinion that this contention is meritorious and that the trial court's ruling is correct. While the language of the case supra characterizes the giving of checks in payment of accounts that go to protest as a default indicating unworthiness of further trust and confidence, there is no distinction made in the language of the bond regarding the class of defaults of which sureties desire notice and those as to which they do not. The language of the bond is to waive "any default," and that is sufficiently broad to cover defaults characterized by the opinion supra as involving moral turpitude and those which merely amount to failures or omissions of less serious import. The language quoted waives notice of "any default or of nonpayment," and we think covers these facts. See Hartford Fire Ins. Co. v. Casey, 196 Mo. App. 291, 191 S.W. 1072.

Briggs next contends that it was error to sustain the motion to strike section 4 of his answer. In that section of the answer Briggs charged that Smith, his principal, was acting as agent for the company in executing the bond and in obtaining sureties thereon; that he made certain material representations, but for which Briggs would not have executed the bond, and that his representations were breached and violated, so that the bond never became effective; and that the company was bound by the representations and are estopped now to rely on or enforce the bond.

We think the rule announced in J. R. Watkins Medical Co. v. Montgomery, 140 Ark. 487, 215 S.W. 638, governs here. The rule as stated is that where an agent of another is endeavoring to procure a third person to sign as surety on the agent's bond in order that he may enter into or continue his relationship with his principal, the agent is not acting as the agent of the principal in so doing, but is acting upon his own responsibility with respect to his interests which are not those of the principal, and the principal is not bound by the misrepresentations which his agent makes to the third person to induce that third person to become his surety on the bond given to the principal. The trial court committed no error in striking that part of the defendant's answer.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.