HALL *v.* REA.

Opinion delivered January 13, 1908.

1. NOTE—PRESUMPTION OF GENUINENESS.—Where a note sued on is referred to in the complaint, and filed with it, it may be read in evidence without further proof of its execution, unless the defendant denies its, genuineness by affidavit before trial, as required by Kirby's Digest, § 3108.  (Page 272.)

2. ADMINISTRATION—CLAIM IN FAVOR OF ADMINISTRATOR—PRESENTATION. —Kirby's Digest, § 110, providing that "all demands not exhibited to the executor or administrator, as required by this act, before the end of two years from the granting of letters shall be forever barred," does not apply to a claim in which an administrator has an interest as partner, it being sufficient in such cases if the claim be presented to the probate court as required by Kirby's Digest, § 109.  (Page 272.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* judge; affirmed.

STATEMENT BY THE COURT.

Appellees presented to the probate court of Marion County for allowance the following note, towit:

"58, 62-100          .                    January the 1st, 1898.

"One day after date we promise to pay to the order of T. M. Rea & Son or Bair fifty-eight and 62-100 dollars, for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of ten per cent. per annum until paid."

"Payable at ........................                    his

     "Attest: T. M. Rea.                         "E. C. x Hall

No. ........ Due .................                    mark

Indorsements on back of note: "Cr. by cash two dollars by Henry Hall '97, April 1, 1901. $2.00."

"May the 1, $2.00 by Henry Hall."

The appellants resisted the allowance of the note in a written answer in which:

1. They deny that the note sued on was executed by E. C. Hall; allege that it is not genuine, and ask that the administrator, J. F. Rea, be put upon strict proof of the execution of the note.

2. They aver that the note was not presented to the administrator within two years, and is therefore barred by the statute of nonclaim. Section 110, Kirby's Digest.

This answer or protest was not verified. Attached to the note was the affidavit of T. M. Rea, showing that the firm of T. M. Rea & Son was composed of himself (T. M. Rea) and J. F. Rea, and that nothing had been paid on the note except as shown by the credits thereon, and that the balance was justly due.

Appellants objected to the introduction of the note, but the court overruled their objection, and permitted the note to be read as evidence, to which ruling appellants excepted. Appellants showed by T. M. Rea that he was the person who attested the signature of E. C. Hall to the note in suit, and that he was one of the plaintiffs in the suit; that the note belonged to T. M. Rea and his son, J. F. Rea, who was also admniistrator of the estate of E. C. Hall; that T. M. Rea & Son was a firm composed of T. M. and J. F. Rea. Appellants moved to exclude the testimony of T. M. Rea, on the ground that he was incompetent to testify, being a party to the suit, to transactions with E. C. Hall.

The court found the facts to be that E. C. Hall, deceased, executed the note; that same had never been paid; that the amount, less the credits, was due and unpaid; that J. F. Rea was regularly appointed administrator of the estate of E. C. Hall; that J. F. Rea and T. M. Rea presented the note with proper affidavit to the probate court of Marion County in due time, but that said note was never presented to the administrator for allowance and classification.

The court declared the law as follows: "That the note sued on herein did not have to be presented to the administrator, J. F. Rea, under section 110 of Kirby's Digest, within two years

but that same is such a claim of the administrator as comes under section 109 of Kirby's Digest, and was properly presented to the probate court, instead of to the administrator, and under this rule of law T. M. Rea & Son are entitled to recover the amount of said note from the estate of E. C. Hall, deceased."

The appellants objected and excepted to the rulings of the court in thus declaring the law, and requested the court to declare the law in effect just the opposite of this. Appellants also asked the following declaration which the court refused, towit:

"The court declares the law to be that the note herein alleged to have been executed by E. C. Hall, deceased, making his mark, with T. M. Rea, one of the plaintiffs herein, as witness, does not prove itself, and must be established as having been executed by E. C. Hall, deceased, by other competent evidence, as there is no proof that E. C. Hall executed said note except the attestations of T. M. Rea, who is not competent to testify to transactions with deceased under section 2, Schedule of Constitution, and to admit the note as evidence without other proof is to admit the said T. M. Rea's evidence as to a transaction with deceased. Under this rule of law, and the defendants having denied that their father, E. C. Hall, executed said note, the plaintiffs must prove the execution of same by evidence outside the note itself."

The appellants objected and excepted. The court, sitting as a jury, rendered judgment in favor of appellees.

Motion for new trial, reserving the exceptions saved, was made and overruled, and this appeal prosecuted.

*W. S. Chastain,* for appellants.

1. The note does not prove itself. T. M. Rea was competent to testify thereto during the lifetime of Hall, but upon his death Rea became disqualified, and his evidence was no longer admissible to prove transaction with the deceased. Const. Sched. § 2; 51 Ark. 404; 52 Ark. 550; 6 Ark. 388; 50 Ark. 157.

2. The note is barred under the statute of nonclaim. Kirby's Dig. § 110. T. M. Rea & Son is a firm, and as such a separate entity from J. F. Rea, administrator; hence appellees are not relieved by § 109, Kirby's Dig. 13 Ark. 609; 14 Neb. 106; 42 Ia. 597; 18 Ohio St. 145; 87 Tex. 204.

*Woods Bros.*, for appellees.

The statute authorizes a signature by mark, Kirby's Dig. § 7799, and a note so executed and witnessed is sufficient of itself, unless its execution is denied by affidavit or verified answer before or at the time of trial. Kirby's Dig. § 3108; 34 Ark. 622; 35 Ark. 198. The note was properly presented to the probate court without action of the administrator thereon. Kirby's Dig. § § 109-114.

WOOD, J., (after stating the facts.) The court correctly ruled that the note was duly executed and properly attested. Kirby's Digest, § 7799.

The defendant's plea of *non est factum,* set up in the answer, was not sworn to. The note was, *prima facie* at least, a good note. In the absence of a sworn answer denying it, the note was proper testimony. See section 3108, Kirby's Digest; *St. Louis, I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 105.

The note presented, being the property of the firm of T. M. Rea & Son, in which J. F. Rea, the administrator, had an interest, was properly presented to and duly proved before the probate court, as the statute requires. The note was not barred by the statute of nonclaim when presented, and, since the administrator had an interest in the note, to the extent of his claim, he had a demand against the estate of his intestate, which he properly presented to the probate court and proved as the statutes provide. Sections 109, 114, Kirby's Digest. The administrator was certainly disqualified to pass upon a claim in which he as a partner had a half interest. He therefore did right to have the probate court pass upon it.

We find no reversible errors in any of the rulings of the trial court, and its judgment is therefore affirmed.

McCULLOCH, J., not participating.