## STATE NATIONAL BANK *v.* LARK.

### Opinion delivered June 3, 1918.

EVIDENCE—FORGERY—ACTS AND CONFESSION OF A PARTY ACCUSED.—Appellee drew a check on appellant bank in favor of one W. Appellant paid the check for $75; appellee claimed that W. had raised the check from $7.50, and sued appellant for the difference. *Held*, it was improper for the court to permit appellee to introduce evidence that W. had been indicted for forgery, had forfeited his bond and was now a fugitive from justice.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*W. H. Arnold, W. H. Arnold, Jr., and David C. Arnold,* for appellant.

1. The check was not a forgery. There were no erasures nor interlineations, nor evidence of any change in the original check as drawn.

2. The acts and admissions of Wesley and Holland were improperly admitted. The testimony was incompetent. Greenleaf on Evidence, § § 52, 171, 190, 196; 111 Ark. 550; 103 *Id.* 522; 78 *Id.* 55; 105 *Id.* 130; 83 *Id.* 186; 107 *Id.* 601; 114 *Id.* 267, 277; 113 *Id.* 417; 91 *Id.* 555; 100 *Id.* 321; 108 *Id.* 489; 92 *Id.* 159; 97 *Id.* 420; 105 *Id.* 247; 89 *Id.* 77, and many others.

*Pratt P. Bacon* and *Wheeler & Wheeler,* for appellee.

1. The testimony shows the check to be a forgery.

2. Wheeler's testimony as to the acts of Wesley and Holland was properly admitted. The testimony was not incompetent and no proper objections were saved to its admission. Nor did the court rule on the objection. 109 Ark. 355; 94 *Id.* 68. A mere exception is not sufficient. 74 *Id.* 259; 126 *Id.* 359; 127 *Id.* 58.

See also as to the admissibility of Wheeler's testimony, 11 A. & E. Enc. L. 507; 36 Conn. 220; 63 S. W. 461; Bradner on Ev., pp. 13-16-17; Greenleaf on Ev., p. 53, note 1 p. 70, par 108 note; Wharton on Ev. § 258; 85 Ark. 483; 48 *Id.* 333; 20 *Id.* 225; 43 *Id.* 102; 16 Cyc. 952; 17 *Id.* 274; 11 A. & E. Enc. 503. The objection to the evidence was general. 82 Ark. 561; 90 *Id.* 485; 112 *Id.* 329.

WOOD, J. This action was brought in the justice court by appellee against appellant. Appellant paid a check and charged same to account of appellee. The check is as follows:

"Texarkana, Texas, March 13, 1917.
"THE STATE NATIONAL BANK.
Pay to Mack Wesley or Bearer................................$75.00
Seventy-five ....................................................Dollars
                                        Anderson Lark.

On the back on the check appear the following endorsements:

"Mack Wesley, Gen. Fuller.
Filed April 10th, 1917.
J. S. Draper, J. P."

There were no written pleadings. It was claimed by the appellee that the check was drawn for $7.50 and that it was raised by the forgery of one Mack Wesley to $75; that the bank therefore owed appellee the difference of $67.50, for which he asked judgment.

The appellant contends that the check was not a forgery but was drawn for the amount specified on its face, and there was ample testimony to support this contention.

Witness Wheeler testified for the appellee, that he was assistant county attorney at Bowie County, Texas; that he filed a complaint against Mack Wesley for the forgery and held a preliminary trial and bound him over to the grand jury and presented the papers to the grand jury. Witness was asked: "What became of it there, and where is he now?" Answer. "Well I don't know where he is; his appearance bond was forfeited."

At this juncture Mr. Arnold, attorney for the appellant, interposed an objection as follows: "They can not strengthen their case by any evidence of that sort. The evidence, as I understand it, would have to be directed to this instrument here. He arrested somebody for this or something else and he ran away; I don't think that it is competent at all."

The court overruled the objection, to which ruling of the court the defendant at the time excepted and asked that his exceptions be noted of record, which was done.

The witness then proceeded to testify, over the objection of appellant, that Mack Wesley was bound over for forgery and forfeited his bond; that he was a fugitive from justice.

Appellant duly objected and excepted to the ruling of the court in allowing this testimony to go to the jury. As to whether or not the court was correct in thus ruling is the only issue presented on this appeal.

It was, of course, competent for the appellee to prove that the check in suit was a forged instrument, but this he could not do by evidence tending to prove conduct in the nature of a confession on the part of Mack Wesley that he had forged the instrument.

As between appellant and appellee in this action Mack Wesley was a third party and testimony tending to prove his acts or declarations concerning the check in suit falls strictly within the ban of the rule against hearsay testimony. In the recent case of *Brown* v. *State, post* p. 597, we said, quoting from *Tillman* v. *State,* 112 Ark. 236 (where the question is thoroughly discussed): "Declarations or confessions of guilt by third parties fall

within the rule against hearsay testimony and are not admissible.''

The ruling of the court permitted the appellee by hearsay testimony to get the benefit of collateral facts which were highly prejudicial to the appellant. See 1 Greenleaf on Evidence, sec. 52.

For the error indicated the judgment is reversed and the cause is remanded for a new trial.