J. R. WATKINS MEDICAL COMPANY *v.* WARREN.

Opinion delivered November 21, 1921.

1. TRIAL—DIRECTION OF VERDICT.—Where a defendant surety by affidavit denied execution of the instrument sued on, as provided by Crawford & Moses' Dig., § 4114, and plaintiff offered no evidence on the issues so raised, it was proper to direct a verdict for defendant.

2. BILLS—NOTES—LIABILITY OF INDORSERS.—Where one's indorsement of a note expressly describes him as a surety, his liability is that of a surety, and not that of a guarantor.

3. BILLS AND NOTES—LIABILITY OF INDORSERS.—Where appellant, as "first surety", signed a note containing blank space for the signature of a "second surety," but there was no showing that appellant knew who would be the additional surety, or whether any other person would sign as surety, nor any showing that his signature was conditional, or, if so, that the condition was known to the obligee, the appellant was liable, though the signature of the "second surety" was forged.

Appeal from Conway Circuit Court; *A. B. Priddy*, Judge; reversed in part.

*Strait & Strait,* for appellant.

The court erred in taking from the consideration of the jury the question of the liability of Hall on the bond. He was notified by letter of the fact that he was named as surety on the bond of Montgomery, and he took no steps to advise appellant of the forgery, and by his conduct which amounted to acquiescence, has rendered himself liable. 50 Ark. 458; 85 Ark. 156; 83 Ark. 444; 101 Ark. 145.

Regardless of the liability of Hall, Warren is liable on his signature (140 Ark. 491) unless he signed conditioned that certain persons would be procured as sureties, and that this fact was known to the payee at the time he accepted the contract. *Wheeler v. Traders' Deposit Bank*, 49 L. R. A. 315; 3 Ohio St. 302; 113 Ind. 365; 71 Iowa 675; 73 Ind. 325; 85 Ill. 218; 7 Ind. App. 381, and other cases cited in note to case of *Wheeler v. Traders' Bank*.

*J. Allen Eades*, for appellee Hall.

The contention made by appellant as to the liability of Hall, arising from the fact that he was notified by the company of his being a surety on the bond, is raised in this court for the first time.

Hall denied the genuineness of the instrument by proper affidavit before the trial was begun (C. & M. Dig. § 4114) and appellant had no right to introduce it until its genuineness was proved. 82 Ark. 110; 35 Ark. 204; 38 Ark. 278; 49 Ark. 19. He who relies on a writing has the burden of proof as to its genuineness. 88 N. E. 178; 30 Neb. 104. This appellant failed to do.

*Edward Gordon,* for appellee Warren.

The contract in this case is one of guaranty and not suretyship. For the distinction between the two see Brandt on Suretyship & Guaranty, Sec. 1; 34 Fed. 104. 4 W. Va. 29; 7 Metc. 518. Montgomery, not being a party to the contract of guaranty, was the agent of appellant in procuring the signature of Warren (111 Ark. 436; 142 Ark. 132), and being their agent the company is bound by his misrepresentations.

The forgery of the name of Hall materially alters the contract and renders same void. 49 Ark. 48. In the absence of evidence to the contrary, the legal presumption is that the alteration was made by the party having the custody of the contract. 5 Ark. 380. Alterations by strangers also render the contract void, when made without the consent of the party whose rights are affected. 48 Am. Dec. 412; 70 Miss. 157; 31 N. J. L. 127; 47 Am. Dec. 299; 86 A. S. R. 82; 24 L. R. A. (N. S.) 1155.

The party producing a writing as genuine, which has been altered after its execution, shall account for the alteration, otherwise it cannot be introduced in evidence. 34 Fed. 109. The court correctly found for Warren. Alteration by one co-mortgagor after others have signed renders same void as to those who have signed. 79 Am. Dec. 506. The forging of Hall's name to the contract relieved Warren of liability.

SMITH, J.   This is the second appeal in this case.
The opinion on the former appeal is found in 140 Arkan-
sas at page 487.   As a result of that opinion, certain
issues have passed out of the case.

Appellant instituted the action to recover the sum
due on a contract for the purchase price of certain
articles sold and delivered to N. E. Montgomery, and
against appellees, W. L. Warren and J. J. Hall, as
sureties on the contract of Montgomery with appellant.

At the trial from which the first appeal was prose-
cuted, the court took the case from the jury as to the
liability of Hall, upon the ground that he had filed
an affidavit denying the execution of the instrument
sued on, and no testimony was offered that he had in
fact signed the obligation.   We reversed that judgment
because the affidavit denying the execution of the obli-
gation was not an unqualified denial as required by the
statute, but was made merely on belief.   Sec. 4114, C. & M.
Digest.

Upon the remand of the cause, such an affidavit as
the statute required was filed, and as no evidence was
offered contradicting the recitals of the affidavit deny-
ing the execution of the obligation, the court properly
directed a verdict in Hall's favor.   Thereupon Warren
the other surety, asked that a verdict be also directed
in his favor, upon the ground that the discharge of Hall
operated to materially alter the obligation and to dis-
charge him also.

This prayer was granted, and a verdict in War-
ren's favor was also directed, and the appellant seeks
by this appeal to reverse the judgment of the court
below as to both parties.

We have just said that a verdict was properly di-
rected in Hall's favor.   Must Warren be discharged
from his liability on that account?

There is an interesting discussion in the brief of
appellee Warren of the difference in the obligations of
sureties and guarantors, and it is earnestly insisted that
Warren is a guarantor, and not a surety.   We dispose

of this contention by saying that the obligation signed by Warren designates him as a surety, and makes him such, and required him to sign expressly as a surety.

Places were provided for the signatures and for the attestation of the signatures of the sureties. These sureties were designated first surety and second surety. Warren signed as first surety. There is no showing that he knew anything about who would be the additional surety, or whether any other person would sign as surety, except that there was a blank space for that purpose; nor was there any showing that his signature was conditional or, if so, that the condition was known to the obligee, the appellant medicine company; and so far as appellee Warren was concerned the obligation would have become a completed contract upon its delivery to, and acceptance by, the appellant, although no other person had signed as surety.

Warren is liable, although the subsequent signature of Hall was a forgery, for appellant did not know that such was the case. It received its first intimation that the signature of Hall was a forgery after it brought this suit to enforce the obligation; and, this being true, the rule would be the same, even though Hall had signed before Warren did.

In the case of *Wheeler* v. *Traders' Deposit Bank,* 55 S. W. 552, it was decided by the Court of Appeals of Kentucky (to quote the syllabus as it appears in the Southwestern Reporter) that "A surety in a note cannot escape liability on the ground that a signature which appeared to the note when he signed, and which he supposed to be genuine, has turned out to be a forgery, as the fraud was practiced upon him by the principal, and not by the payee, who accepted the note supposing all the signatures to be genuine." This case is extensively annotated in 49 L. R. A. 315, and the editor's note thereto is as follows: "The main case, to the effect that one signing an obligation as surety guarantees the genuineness of preceding signatures, is supported by nearly

all of the cases. Those holding the contrary have either been repudiated in the States in which they were rendered, or were decided on the ground that the agent of obligee procured the signatures." The cases cited in the notes to this annotated case are to the effect that one signing a contract as surety, so far as his own liability thereon is concerned, guarantees the genuineness of the signatures of all sureties whose names precede his own, and that regardless of the validity of the names following his own, unless his own signature was obtained upon a condition not complied with known to the obligee at the time he accepted the contract.

Our cases of *Stiewel* v. *American Surety Co.,* 70 Ark. 512, and *Williams* v. *Morris,* 99 Ark. 319, do not decide this express point, but the reasoning of those cases is applicable here. In the first of these cases, this court held that misrepresentation made to induce a surety to sign a bond, if unknown to the obligee, would not defeat the right to recover against the surety. In the second case the court held that, where a surety signed a note as joint maker, and left it in the hands of his principal, who procured it upon condition that it be first signed by a co-surety, but delivered it to the payee, who took it in good faith without notice of such agreement, the surety was bound for its payment.

The insistence is renewed that Montgomery was the agent of appellant in the procurement of the signatures of Hall and Warren; but the opinion on the former appeal is against appellee in this contention.

The judgment in favor of Hall will be affirmed; that in favor of Warren will be reversed, and the cause, as to him, remanded for a new trial.