OHIO GALVANIZING & MANUFACTURING COMPANY *v.* NICHOL.

Opinion delivered January 11, 1926.

1. CORPORATIONS—APPOINTMENT OF RECEIVER—FILING CLAIM WITHIN SPECIFIED TIME.—As an incident to a controversy between stockholders concerning the control and management of a solvent corporation where a receiver had been appointed, the court had no power to compel creditors to present their claims against the corporation within any specified time, and a creditor who failed to assert his claim within the time specified in such an order had a right to assert his claim against the debtor corporation at any time within the statutory period of limitation.

2. BILLS AND NOTES—BURDEN OF PROVING EXECUTION.—Where the genuineness of a draft sued on was denied by affidavit, as provided by Crawford & Moses' Dig., § 4114, this placed the burden on the plaintiff to prove the execution of the draft as well as to prove all other facts upon which the validity of the claim rested.

3. BILLS AND NOTES—PROOF OF EXECUTION OF DRAFT.—The execution of a draft was sufficiently established by proof of a consideration

and that it was drawn and sent to plaintiff in the regular course of business by defendant's officer or agent, and such proof is not overcome by an affidavit of a receiver of defendant's property denying the genuineness of the draft.

4.   BILLS AND NOTES—REMEDY AGAINST DRAWER AND ACCEPTOR.—Upon nonpayment of a draft, the holder may sue the drawer and acceptor, either jointly or severally, though there can be but one satisfaction.

5.   TRIAL—OBJECTION TO FORUM—WAIVER.—While equity has no jurisdiction of claims against a corporation not alleged to be insolvent, the objection to the forum is waived where the parties went to trial without objecting to the court's jurisdiction.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Mehaffy & Mehaffy,* for appellant.

*Rowell & Alexander,* for appellee.

McCULLOCH, C. J.   Consumers' Ice & Coal Company is a domestic corporation engaged in the manufacture and sale of ice at Pine Bluff, and while so engaged it purchased from appellant, a foreign corporation, domiciled at Niles, Ohio, a lot of standard ice cans, the total price for the purchase being $6,701.   The cans were shipped by appellant to Consumers' Ice & Coal Company and received by the latter at its place of business in Pine Bluff.  After the completion of the purchase, Consumers' Ice & Coal Company, on March 18, 1921, drew a draft for the above mentioned amount in favor of appellant on S. R. Morgan & Company, of Little Rock, and this draft was forwarded to appellant by mail with the acceptance of the drawee indorsed thereon.   S. R. Morgan & Company was the trade name of S. R. Morgan, who, at that time, owned the controlling stock in Consumers' Ice & Coal Company.   The draft was not paid on the stipulated date (sixty days after date), and was protested in due form before a notary public.   Thereafter, payments were made down to the sum of $5,000, which sum still remains unpaid.

Appellant instituted an action, or actions, in the circuit court of Pulaski County against Morgan and Consumers' Ice & Coal Company to recover the balance due

on the draft and took judgment by default against Morgan, but the action against Consumers' Ice & Coal Company has never been disposed of on the docket of that court, and is still pending.

There appears to have been a struggle between two groups of stockholders of Consumers' Ice & Coal Company, the group in control at that time being headed by S. R. Morgan, and, after the purchase above referred to from appellant, certain stockholders opposed to the Morgan interests instituted an action in the chancery court of Jefferson County against the corporation and against Morgan and the other stockholders associated with him in managing the affairs of the corporation, alleging misconduct of Morgan in securing a majority of stock, and also alleging mismanagement of the affairs of the corporation. It was not alleged in the pleadings that the corporation was insolvent, but it was alleged that, unless further mismanagement and waste was prevented by the appointment of a receiver, the corporation would become insolvent. The chancery court made an order on March 4, 1922, appointing a receiver to take charge of the affairs of the corporation and operate the business of manufacturing and selling ice, and the receivership continued down to the trial of the present action in the chancery court. The receiver was ordered to make an inventory of the assets of the corporation and give notice to creditors to present their claims within ninety days. Notice was published in a newspaper, and many creditors of the corporation filed claims, which were allowed and paid. The court made a general order that all claims not filed within ninety days from the date of the notice should be forever barred from participating in the assets of the corporation. Appellant did not present its claim to the receiver until November 21, 1923, long after the expiration of the period of ninety days specified in the court's order for presentation of claims. The receiver disallowed the claim, and the cause was tried before the chancery court on the pleadings and proof adduced, and

the court rendered a decree finding the issues in favor of the receiver and the corporation and disallowing appellant's claim.

Appellant, in presenting its claim to the chancery court, filed a complaint setting forth all of the facts upon which it based its right of recovery against the corporation for the balance of the unpaid draft, and the receiver, Mr. Nichol, filed an answer denying all the allegations of appellant's complaint. The receiver also filed an affidavit especially denying that the draft was executed by Consumers' Ice & Coal Company. At the trial, appellant introduced the deposition of A. J. Bently, who was the treasurer of appellant corporation, and he testified at length concerning the sale of cans to Consumers' Ice & Coal Company and the correspondence and dealings between appellant and Consumers' Ice & Coal Company, including the draft and payments made thereon. Appellant also introduced other testimony concerning the pendency of appellant's action at law against Consumers' Ice & Coal Company in the circuit court of Pulaski County. No testimony was adduced by appellees.

The court seems to have based its decree on the fact that appellant failed to present its claim within the period of time specified in the court's order and notice published by the receiver, but our conclusion is that creditors were not bound by that notice. The only authority conferred by statute for a court of chancery to fix the time for barring claims short of the statutory period of limitation is in proceedings to wind up an insolvent corporation. Crawford & Moses' Digest, § 1801. The proceeding against Consumers' Ice and Coal Company by some of its stockholders was not such a proceeding, and there was no allegation of insolvency. It was merely a controversy between stockholders concerning the control and management of the corporation. As an incident to the proceeding, the court properly authorized the receiver to pay creditors, but the court had no power to compel creditors to present their claims within

any specified time. Appellant was therefore not barred, and had the right to assert its claim against the debtor corporation at any time within the statutory period of limitation.

It is next contended that appellant failed to establish its claim by a preponderance of the evidence. The receiver filed an affidavit in accordance with the statute (Crawford & Moses' Digest, § 4114) expressly denying the execution of the draft, and this placed the burden of proof on appellant to prove the execution of the draft, as well as to prove all other facts upon which the validity of the claim rested. *St. L. I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 109; *J. R. Watkins Medical Co.* v. *Warren,* 150 Ark. 542. Appellee introduced no testimony tending to show that the draft was a forgery or that it was executed without authority, and the only testimony introduced on the subject was that of Mr. Bently, the treasurer. It is true that he had no personal knowledge of the execution of the draft, but he testified concerning the receipt of this draft in due course of business as part of a long series of transactions between the parties, beginning with the negotiations for the purchase of the cans and continuing by letters and telegrams in due course of the mail. Some of the letters were registered and showed registry receipts signed by Consumers' Ice & Coal Company. It is undisputed that Consumers' Ice & Coal Company purchased the cans, and there is no proof that the amount had been paid, except the amounts which were credited on the draft, and it would be a very technical view of the testimony to say that there is an absence of proof that the draft was actually signed by Consumers' Ice & Coal Company. It was a part of the series of transactions in due course of business, which were fully established by the testimony of Bently and the correspondence exhibited with his deposition. There is no denial of Bently's testimony, and nothing which tends to discredit his statements. Learned counsel for

appellees depend entirely upon the weakness of this testimony on account of Bently not being able to testify that he was present when the draft was actually executed by Consumers' Ice & Coal Company.

Treating the affidavit of the receiver as proof adduced in the trial, it was a mere formal statement of a conclusion, and gave no facts upon which its probative force might be tested. It was insufficient to overcome the affirmative testimony that the draft was in fact drawn and sent to appellant in regular course of business by the officer or agent of Consumers' Ice & Coal Co.

It is also contended on behalf of appellees that, upon non-payment of the draft, appellant was put to an election whether it would pursue its remedy against Morgan or against Consumers' Ice & Coal Company, and was bound by its election to take judgment against Morgan. This contention is, we think, unsound, for both the drawer and acceptor of the draft were severally liable to appellant, and appellant had the right to pursue its remedy against the two parties, either jointly or severally. Both remedies could be pursued, though there could be only one satisfaction. Crawford & Moses' Digest, § 1099, 1100; *Lamew* v. *Wilson-Ward Co.*, 106 Ark. 340.

The original proceedings against Consumers' Ice & Coal Company not being for the purpose of winding up the affairs of the corporation, and there being no proof of insolvency, the chancery court was not the proper forum for the adjudication of claims of creditors against the corporation. Appellant's remedy at law was complete, but no objection was made to the jurisdiction of the court, and, on the contrary, appellees filed an answer tendering an issue as to the validity of appellant's claim, and the trial proceeded by consent of both parties. The court proceeded to hear and determine appellant's claim, but reached the wrong conclusion as to liability being barred by failure to file the claim within the time specified in the notice. We must therefore treat appellant's

intervention as an ordinary action erroneously instituted in the chancery court but tried there by consent.

The decree is reversed, and the cause remanded with directions to enter a decree in favor of appellant for the full amount of its claim as asserted in the pleadings.