## TERRILL *v.* FOWLER.

### Opinion delivered January 9, 1928.

1. BILLS AND NOTES—BURDEN OF PROOF OF FORGERY.—Where defendant, sued on a note, relied on the defense that his signature as a joint maker was a forgery, the burden was on him to show such fact, where the note had been filed as part of the original pleading, and the genuineness of the signature had not been denied before trial by verified answer or otherwise, as required by Crawford & Moses' Dig. § 4114.

2. BILLS AND NOTES—PROOF OF OTHER FORGERY.—Where one sued on a note as maker urged as a defense that his signature was a forgery, evidence that the other maker, whose signature appeared on the note, had on previous occasions forged notes, *held* inadmissible.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler,* Judge; reversed.

#### STATEMENT OF FACT.

Appellant brought this suit in the Hot Spring Circuit Court against the appellee to recover the balance claimed to be due, $574.36, on a note executed by H. B. Shaw and W. M. Fowler to him. The note was filed with the pleadings in the case before the trial.

W. M. Fowler filed a separate answer, denying any indebtedness or that anything remained due and unpaid on the note; alleged that he had never executed said note or authorized the signing of his name thereto, and that his name was forged thereon, and he was not liable for the payment of the note. The answer was filed October 18, 1926, but was not verified.

The note was read in evidence, and expert witnesses and witnesses claiming to be familiar with the signature of appellee testified that his signature upon the note was genuine; while he denied having signed it, and stated that it was a forgery, and introduced other witnesses, who qualified as experts, who stated that they did not believe it was a genuine signature.

Several witnesses were allowed to testify, over appellant's objection and exceptions, that J. B. Shaw had forged the names of other people to other notes, trans-

actions entirely separate from and unrelated to the matter in controversy.

The court gave, over appellant's objection, an instruction including the clause: "You are instructed that the burden of proof is upon the plaintiff to show that the signature of the defendant on the note sued on is genuine, and, if he fails to show this fact, your verdict must be for the defendant," and refused to give his requested instruction No. 1 as follows: "You are instructed that the burden of proof is upon the defendant to show that his signature to the note sued on is a forgery, and, if he fails to do so, your verdict must be for the plaintiff for the amount sued for."

From the judgment against him this appeal is prosecuted by the appellant.

*H. B. Means,* for appellant.

*John L. McClellan,* for appellee.

KIRBY, J. The court erred, as insisted by appellant, in instructing the jury that the burden of proof was upon him to show the genuineness of the signature of the maker of the note.

The statute provides: "Where a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun." Section 4114, C. & M. Digest.

It is true this court has held that the genuineness of a writing may be contested without the filing of such affidavit denying its genuineness (*St. L. I. M. S. Ry.* v. *Smith,* 82 Ark. 105, 100 S. W. 884; *Hall* v. *Rea,* 85 Ark. 269, 107 S. W. 1176; *Staggers* v. *White,* 121 Ark. 328, 181 S. W. 139); but the instrument, unless the said affidavit is filed, or a verified answer denying its genuineness, may be read as *prima facie* evidence of its recitals. *Staggers* v. *White, supra; Hughes* v. *Gardner,* 144 Ark. 282, 222 S. W. 43.

The court said in the last mentioned case:

"In other words, a failure upon the part of the defendant to comply with the statute raised the inference or presumption of law that the writing on which he is sued and purporting to be signed by him is genuine, and, having failed to file the affidavit provided by the statute, the burden is cast on him to show that it is not genuine."

The court erred in instructing the jury otherwise that the burden of proof was upon the plaintiff to show that the signature of defendant on the note sued on was genuine, and in refusing to give appellant's requested instruction No. 1.

The testimony of witnesses tending to show that Shaw, the joint maker of the note, was a forger and had left the jurisdiction of the court, and also that he had forged the names of other and different persons to notes entirely distinct from and unrelated to the matter at issue, was incompetent, and the court erred in permitting its introduction. *State National Bank* v. *Lark,* 124 Ark. 432, 204 S. W. 101.

For the errors designated the judgment is reversed, and the cause remanded for a new trial.