LAVENDER v. BUHRMAN-PHARR HARDWARE COMPANY.

Opinion delivered June 18, 1928.

658

*T. B. Vance,* for appellant.

*John D. Rogers* and *Pratt P. Bacon,* for appellee.

KIRBY, J. The undisputed testimony shows that application was made by appellant for the loan through Dewberry, the local agent of the loan company, that the application was approved, and the loan granted at its

home office in Colorado. The bond for the loan and the mortgage securing it and the agreement to purchase stock, along with a draft in payment of the loan, made payable to the appellants, mortgagors, and Dan Dewberry, agent, were sent to Texarkana for signature of the mortgagors and delivery to them of the money loaned through Dewberry, upon the completion of the transaction. It was further shown and the court found that the names of the mortgagors, payees in the draft or check, were forged by Dewberry, agent of the loan company, and the other payee in the draft to whom it was sent for delivery of the money to the mortgagors upon the execution of 'the necessary papers. Appellants having denied, in accordance with the statute (§ 4114, C. & M. Digest), their indorsement of the draft, payable to their order and Dan Dewberry, as agent, by whom it was claimed the money loaned was paid to them, and alleged that their signatures were forgeries and not genuine, the draft could not be read in evidence as a receipt of the money, or in anywise binding against them for its payment, and the burden of proof devolved upon the loan company to show the delivery of the money loaned to the mortgagors. *Ohio Gal. Co.* v. *Nichol,* 170 Ark. 16, 279 S. W. 377. See also *Terrill* v. *Fowler,* 175 Ark. 1010, 1 S. W. (2d.) 75.

Lavender testified that the signatures of himself and wife indorsed on the draft were forgeries, and the court found such to be the case He also testified that none of the money which was attempted to be borrowed from the loan company, payment and delivery of which was attempted to be made by said draft, payable to the order of appellants, mortgagors, and Dan Dewberry, agent, and sent and delivered by the loan company to its said agent Dan Dewberry, and cashed by him upon his own and the forged signatures of appellants, had ever been delivered to or received by them. Certainly the loan company could not collect the note given for the loan nor foreclose the mortgage given to secure the payment thereof, when it had never in fact made such loan by delivering the money to the makers of the note and mortgage. The undisputed

testimony shows. that Dan Dewberry was the local agent of the loan company, authorized to submit applications, procure the signatures of the applicants to the papers necessary for completion of loans, and deliver the money loaned to the mortgagor or borrower, and also that the draft for the money constituting the loan was made payable to the mortgagors and to Dan Dewberry, agent, and sent to him for final disposition. The loan company made it possible, by this procedure, for its agent to cash the draft and collect the money upon his own indorsement and the forgery of the signatures of the other payees, and, having done so, must bear the loss resulting from the agent's failure to deliver the money loaned to the mortgagor in accordance with the contract made therefor. See *Gate City Building & Loan Ass'n* v. *Crowell, ante,* p. 539. The consideration for the execution of the bond and mortgage never having been paid to the makers of the bond, the mortgagors, failed utterly, and the mortgage could not, of course, be foreclosed and the property subjected to the payment of such note and mortgage.

The court held, however, that, notwithstanding such failure of consideration of the note given for the loan, the mortgagors having sold and conveyed to Sparks and wife the property mortgaged, after the amount of the loan was in fact received by the agent of the loan company, Dewberry, who embezzled the money, requiring, as part of the consideration therefor, the assumption and payment of their bond or obligation to the loan company for the amount of said loan, and the payment of three or four installments thereof by such purchasers, estopped appellants to plead a failure of consideration of their note to the loan company. This, notwithstanding the proof showed that appellants had no knowledge whatever, at the time of said conveyance and of the payment of the installments upon the property, that the money applied for as the loan from the loan company had ever been forwarded or received by its agent at Texarkana, which said agent in fact had denied that it ever had been received by him, according to the testimony in the case.

This holding was erroneous. There was no change of conduct or position by the loan company because of such sale or transfer of the property to Sparks and wife, nor was it misled to its injury in any way thereby, and certainly there could have been no estoppel by this act of appellants to deny that the consideration for the bond and mortgage given by them for the loan, the money for which had never been delivered to them, had failed.

The consideration for the note having failed, the mortgagors were entitled to have the note and mortgage canceled, and the court erred in holding otherwise, and that they were estopped to plead such failure of consideration. Appellants having sold and conveyed the property to Sparks and wife, requiring the payment, as part of the consideration thereof, of the amount that would have been due the loan company under their bond and mortgage, if it had been valid and enforceable, were also entitled to recover the amount as part of the purchase money due from Sparks and wife to them, and to enforce a vendor's lien for the payment thereof in accordance with the terms of the contract of sale.

The decree is reversed as against appellants in favor of the loan company, and, it appearing that the vendees of appellants, Sparks and wife, failed to answer and defend the cause, and that the property has already been sold and purchased by the appellee, the loan company, the cause will be remanded with directions to enter a decree canceling appellant's mortgage and note or bond to the loan company, and decreeing them a vendor's lien for the entire amount of the unpaid purchase price against Sparks and wife, for foreclosure of the lien, and a sale of the property in satisfaction thereof, and payment of the proceeds, after payment of the amount of the lien for materials furnished by appellee, Buhrman-Pharr Co., to appellants, with costs.

It is so ordered.