## CALLAWAY *v.* ASHBY.

### 4-4345

### Opinion delivered June 29, 1936.

*Joseph Callaway, Fletcher McElhannon* and *McMillan & McMillan,* for appellants.

*J. H. Lookadoo* and *Lyle Brown,* for appellees.

BAKER, J. J. W. Callaway and wife, Nellie, have appealed from a decree of the Clark Chancery Court foreclosing a deed of trust covering certain real estate and other property.

The defense to this foreclosure as presented here affects only the real estate which the Callaways claim as a homestead. Mrs. Callaway denies she signed the note

and deed of trust and denies that she acknowledged the execution of the deed of trust.

Upon its face, the deed of trust was a conveyance to R. R. Golden, as trustee, for Greene & Meador, partners, both now dead, to secure a debt of $470, dated November 19, 1928, but kept in full force and effect by marginal notation, of a credit of $8, made within five years after the execution of the instrument. R. S. Ashby, plaintiff below, appellee here, was executor of the estate of R. H. Greene, deceased.

We forego a discussion of the testimony of J. W. Callaway for two reasons. The first is that a material part of his testimony is incompetent under § 4144 of Crawford & Moses' Digest; the second is that he discredits himself by a bold avowal of the forging of his wife's signature to the note and deed of trust he delivered to his benefactors who came to his relief at a time of sorrow and distress and loaned him money to bury a son accidentally killed.

Mrs. Nellie Callaway testified she did not sign or authorize any one to sign her name to either note or deed of trust; she denied all knowledge of these instruments, although she knew of the debt. She discussed with Mr. Frank Ashby the debt, the amount and the reason for borrowing. She gave up or permitted a steer, her property, to be taken as a credit thereon for the $8. But there is no testimony that she had any knowledge of the existence of the deed of trust if one of the signatures thereto was not in fact hers.

The notary public who took the acknowledgment of J. W. Callaway testified that Mrs. Callaway was not at any time before him to acknowledge the instrument, that he did not know her, and had not seen her; the certificate of acknowledgment was filled out and he had only to sign when presented to him; that Callaway asked him to sign the name of Nellie Callaway, but that he refused. Apparently he had no record required by law to be kept of his acts as a notary public and testified from memory only.

Two other persons were present when Callaway signed or acknowledged an instrument before the notary, and they testified Mrs. Callaway was not present. It

seems a fair inference to draw from the testimony that the notary took an acknowledgment to only one instrument, at least, at or near the time this acknowledgment was dated, November 19, 1928.

There was other testimony, but the foregoing is the gist of the material part of the record, except that admittedly genuine signatures of Mrs. Callaway are quite different from those on note and deed of trust.

Had Mrs. Callaway verified her answer, appellees must have failed to recover as there has been offered no word of proof to the effect that she signed either instrument. Failing to verify she assumed the burden of proving she did not sign and acknowledge. Section 4114, Crawford & Moses' Digest. See, also, same matter, § 580, Crawford's Civil Code, and cases there cited, especially *Terrill* v. *Fowler,* 175 Ark. 1010, 1 S. W. (2d) 75, and *Lavender* v. *Buhrman-Pharr Hardware Co.,* 177 Ark. 656, 7 S. W. (2d) 755.

We think she has sustained that burden. The trial court erred in holding otherwise.

It is argued, however, that she and her husband borrowed the money and they are estopped to assert the invalidity of the note and mortgage and numerous authorities are cited to support this theory. The latest of these is *Illinois Standard Mortgage Corp.* v. *Collins,* 187 Ark. 902, 63 S. W. (2d) 342. This citation is typical. In that case The Young Men's Building & Loan Association knew that the mortgage corporation believed it was receiving a first mortgage.

In the instant case the only things that connect Mrs. Callaway with the borrowing of the money from Greene & Meador are the note and deed of trust. There is no proof she knew of the existence of either. There can be no estoppel or ratification without knowledge of the facts. The citations offered are not in point.

The fact that the 160-acre tract of land constitutes a homestead is not questioned. It is within the limits of area and value. Therefore Mrs. Callaway could invoke the protection of § 5542 of Crawford & Moses' Digest as enforced in numerous cases, some of the latest of which

are: *Walthall* v. *McArthur,* 185 Ark. 437, 48 S. W. (2d) 227; *Ramey* v. *Pyles,* 182 Ark. 320, 31 S. W. (2d) 533.

But the deed of trust is invalid only in so far as it affects the homestead.

It follows the decree should be reversed as to judgment against Mrs. Callaway, and as to the lien against the homestead. In regard to other property, mortgage foreclosure may properly proceed.

It is so ordered on remand.