CISCELL *v.* BRAZIL.

4-7296                                    178 S. W. 2d 250

Opinion delivered March 6, 1944.

*McDaniel, Crow & Ward,* for appellant.

*Ernest Briner,* for appellee.

KNOX, J.   On July 26, 1939, appellant brought this suit in her own right and also in her capacity as one of the joint executors under the will of C. C. Brazil, her deceased husband. Her co-executor, J. O. Brazil, did not join therein. The material allegations of her complaint may be briefly stated thus: That C. C. Brazil, the testator, bequeathed all of his personal property, and devised certain specific real estate to appellant; that testator devised other real estate in Saline county to appellee, C. M. Brazil, and his seven brothers and sisters—all children of testator by a former marriage, so that appellee has thus acquired and now owns an undivided one-eighth interest in such lands, subject to the terms of the will; that appellee Moena Brazil is the wife of appellee C. M. Brazil; that one of the provisions of such will reads: "Provided that should I be security on notes owed by any of my children and my estate is required to pay said

notes, the amount of said payments shall be charged against the interest received by any such child."

The complaint further alleged that on August 24th, 1930, testator became the indorser on a note of appellee C. M. Brazil, payable to the Bank of Bauxite, in the sum of $650; that on April 2, 1934, testator discharged such obligation by paying the bank $664.25, the full amount due in principal and interest; that on the same date, to-wit: April 2, 1934, appellees in order to evidence their obligation to testator made and delivered to him their note in the sum of $664.25, due one year from date, and bearing interest at 5%; that $124 has been paid thereon, leaving due $540.25, with interest at 5%.

The prayer was that plaintiff have—"judgment against defendants, C. M. Brazil and Moena Brazil for the said sum of five hundred and forty and 25/100 dollars ($540.25) with interest at the rate of 5% and that attachment be issued for the one-eighth undivided interest of the defendant, C. M. Brazil, in the said above described lands, same to be held subject to further orders of this Court and upon rendition of final judgment herein that said lands be sold by a commissioner to satisfy said judgment and for costs and any and all other proper relief to which plaintiffs may be entitled."

Attached to the complaint as exhibits A, B & C, and thus referred to and identified therein were (a) Copy of the will of C. C. Brazil; (b) copy of the note alleged to have been executed to Bank of Bauxite, dated Aug. 24, 1930; and (c) copy of note alleged to have been executed by appellees to C. C. Brazil, dated April 2, 1934.

Appellees answered denying each and every allegation of the complaint, and specifically denying "the execution and signing of said alleged note." They further denied that C. C. Brazil was surety or security on the note payable to Bank of Bauxite. The answer was verified by appellees' attorney.

The cause was submitted to the court in accordance with the provisions of a stipulation reading as follows: "This cause of action is by agreement of the plaintiff Katherine Brazil Ciscell, and the defendant, C. M. Brazil

by their respective attorneys, McDaniel and Crow, for plaintiff, and Ernest Briner for the defendant, submitted to the court upon the complaint and exhibits thereto as follows: the last will and testament of C. C. Brazil, deceased, and the note dated August 24, 1930, made payable to the Bank of Bauxite in the sum of six hundred and fifty dollars signed by C. M. Brazil and C. C. Brazil and the note dated April 2, 1934, made payable to the order of C. C. Brazil and signed by C. M. Brazil and Moena Brazil for the sum of sx hundred and sixty-four dollars and twenty-five cents, and the answer of defendants filed herein.

From a decree holding that she was not entitled to recover and dismissing her complaint, appellant prosecutes this appeal.

The respective parties present several questions, the termination of which would more or less affect the ultimate result of this litigation. Since in our opinion, however, a determination of a certain one of these questions is conclusive of this appeal, we consider it alone.

Whether this suit is one to recover on an unsecured indebtedness, as argued by appellee, or one to "charge the interest of appellant in the lands willed to him" with a "lien" in the nature of "a mortgage," as contended by appellant, the cause of action in either case is and of necessity must be, founded upon the note allegedly executed by appellees to C. C. Brazil. The complaint alleges the execution of such note, and a purported copy thereof is attached as exhibit C to the complaint. Section 5123 of Pope's Digest, which is § 580 of the Civil Code, adopted in this State from Kentucky in 1869, provides: "Where a writing purporting to have been executed by one of the parties is referred to and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun."

In the case of *Gentry v. Doolin*, (Ky.) 1 Bush 1, decided prior to the adoption of the code in this state, it was suggested that one of the purposes of the corresponding section of the Kentucky Code was to allow the adverse party an opportunity to inspect the document prior to

the trial. This would indicate that the section contemplates the filing of the original instrument and not a copy. Conceding, without deciding, however, that filing a copy of the document in lieu of the original invokes the statute, nevertheless, in the case at bar appellee filed an answer directly denying the execution of the note sued on, which answer was verified. The burden of proof to establish the execution of such note was thereby imposed on appellant. *Weaver* v. *Carnall,* 35 Ark. 198, 37 Am. Rep. 22; *Terrill* v. *Fowler,* 175 Ark. 1010, 1 S. W. 2d 75; *Ohio, etc.. Co.* v. *Nichol,* 170 Ark. 16, 279 S. W. 377.

Appellant offered no evidence tending to establish the execution of the note, but she contends that through the stipulation for submission of the cause appellee admitted its execution. This stipulation is heretofore set out in full, and provides "This cause . . . is . . . submitted . . . upon the complaint and exhibits thereto as follows: . . . the note dated April 2, 1934, . . . and signed by C. M. Brazil and Moena Brazil . . ." Appellant interprets this as an admission that appellees did in fact sign the note. This, we think, is a too technical construction. The purpose of the language was to identify the exhibit referred to. It is true that the note is identified as having been "signed" by appellees, but, we think, in view of the fact that the execution of such note had been put in issue by a verified answer, denying its execution, the parties intended that the words of the stipulation should be construed as identifying the exhibit referred to as the copy of the note, the original of which was alleged to have been signed by appellees. Appellees did not intend to and did not in fact admit the execution by them of the note. The execution of the note having been denied by verified answer, the stipulation not constituting an admission of its execution, and appellant having offered no proof tending to establish its execution, the court properly found in favor of appellees. *J. R. Watkins Med. Co.* v. *Warren,* 150 Ark. 542, 234 S. W. 168.

The decree is, therefore, affirmed.