**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Rev. J. D. DAVIS and Lettie Davis,**
**Defendant.**

**No. 621.**

United States District Court,
W. D. Arkansas, El Dorado Division.

Nov. 10, 1954.

Charles W. Atkinson, U. S. Atty., Henry M. Britt, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

Clifton Bond, Monticello, Ark., for defendant.

JOHN E. MILLER, District Judge.

On March 17, 1954, plaintiff filed its complaint against defendants seeking a judgment upon a promissory note dated November 29, 1951, and payable to Arkansas Home Building & Repairing Company in the sum of $952.03, payable in monthly installments of $26.45 beginning January 12, 1952, with interest at the rate of six per cent per annum.

The note had been negotiated and the plaintiff alleged that it was the holder of said note; that, after crediting the note with all payments made thereon, plaintiff sought judgment for a balance of $733.18 allegedly due on the note.

On April 13, 1954, defendants filed their answer in which they alleged that on or about October 24, 1951, they entered into and signed a written contract on a printed form of the Crossett Paint & Roofing Company for labor and materials to be used in repairing their home

in Warren, Arkansas. They denied that they had signed or executed any other papers or documents relative to the repairs other than the original contract. They also alleged:

"That they did not sign or execute the promissory note set out in plaintiff's complaint payable to Arkansas Home Building & Repairing Company for $952.03 payable in monthly installments of $26.45, F.H.A. Title Loan papers, or, a Borrower's Completion Certificate, and if their name or signature appears thereon they were forged thereto by some unknown party other than themselves."

They further alleged that the materials used in the repairing of their home were inferior in quality and that the work was not performed in a workmanlike manner and that a fraud had been perpetrated upon them in the manner in which the repairs were made and in the quality of the materials used.

The answer was not verified. The cause was tried to the court without a jury on October 28, 1954, and, at the conclusion of the trial, the cause was submitted for further consideration, and now, having considered all the testimony and exhibits introduced by the respective parties and the issues presented, the court makes and files its formal findings of fact and conclusions of law, separately stated.

### Findings of Fact.

#### 1.

The plaintiff is the United States of America and the defendants are citizens of Arkansas residing at Warren, Arkansas, within the El Dorado Division of the Western District of Arkansas.

#### 2.

On June 24, 1954, plaintiff submitted a request for admissions which was answered by defendants on June 29, 1954, and filed with the Clerk on July 1, 1954.

The plaintiff attached to the request for admissions the original note dated November 29, 1951, and the Completion Certificate dated November 14, 1951, marked exhibits A and B, respectively, and requested that defendants admit that both documents were genuine and that the said documents had been executed by defendants.

To this request the defendants replied, under oath:

"1. That the signatures contained on the note marked exhibit A and the F.H.A. Title I Borrower's Completion Certificate marked exhibit B alleged to be those of the defendants are not genuine and are not the signatures of the defendants. That the contract price for the repairs to be made on defendants' home was $920.00 and not $952.03.

"2. A. That the defendants did not execute exhibit A or B and did not receive the full consideration therein stated."

As heretofore stated, the reply to the request for admissions was sworn to by the defendants before a Notary Public on June 29, 1954. At the trial, the court permitted the plaintiff to introduce as exhibit A the original note sued upon and as exhibit B the alleged Completion Certificate dated November 14, 1951.

Also plaintiff introduced the following:

Exhibit 1—Credit Application dated October 24, 1951, allegedly signed by defendants.

Exhibit 2—Cash Down Payment Certificate dated November 10, 1951, allegedly signed by defendants.

Exhibit 3—Contract dated October 24, 1951, signed by defendants.

This contract provides that the material shall be furnished and work done for the sum of $920, and the defendants agreed to pay $92 on or before "application of job" and the balance in thirty-six successive monthly installments of $26.83 in accordance with the F.H.A. Title I Plan and Standard Practice.

Plaintiff also introduced as exhibit 5 signatures of defendant, Lettie Davis, written by her on a sheet of paper dur-

ing the trial and exhibit 6, signatures of the defendant, Rev. J. D. Davis, written by him during the trial.

### 3.

Ed R. Livoni, Manager of the St. Louis Branch of Allied Building Credits, Inc., testified by deposition that Allied Building Credits, Inc., purchased the note sued upon from Arkansas Home Building & Repairing Company on December 3, 1951, and paid the said Arkansas Home Building & Repairing Company the sum of $828; that, subsequent to its purchase of the note, defendants had made payments as follows:

| | |
|---|---:|
| January 28, 1952 | $ 26.45 |
| February 18, 1952 | 26.45 |
| March 21, 1952 | 26.45 |
| June 19, 1952 | 52.90 |
| Total payments | $132.25 |

The note was not overdue at the time it was purchased by the Allied Building Credits, Inc., and the purchase was made in good faith and for value. At no time did the defendants notify Allied Building Credits, Inc., of any objections that they may have had to the note or deny the validity of the note.

The note was negotiated to the United States of America on January 23, 1953, and Treasurer's check was issued therefor on February 25, 1953, in the sum of $750.39.

### 4.

The contract that defendants signed with the Crossett Painting & Roofing Company was presented to them by V. O. Nichols and Donald Fulgham. Neither of these men were employees of Allied Building Credits, Inc., but apparently were employees of the Arkansas Home Building & Repairing Company. The defendants introduced as exhibit 1 a receipt dated November 12, 1951, and signed by Donald Fulgham for $71, as being paid by the defendant, J. D. Davis. Likewise, exhibit 2 by defendants is a receipt for $21 dated November 20, 1951, and signed by Don Fulgham. Defendants' exhibit 3 is a receipt dated December 18, 1951, for $90, "down payment on home repairs in full," and signed by V. O. Nichols. Thus the total payments made by defendants on the contract is $287.80, which includes the payment of $132.25 that defendants made and which was credited on the note sued upon. In other words, the salesmen, Fulgham and Nichols, succeeded in collecting from defendants $182 instead of the $92 the defendants contracted to pay "on or before application of job."

The testimony doesn't disclose with any degree of certainty the amount that is actually due on the note, although the complaint alleges that $733.18 is due thereon, with interest at six per cent per annum. No date is alleged from which interest is to be collected, but the court assumes that interest should be calculated from January 12, 1952.

### 5.

The plaintiff introduced no ore tenus testimony and relies upon the documents introduced as the exhibits above referred to and the deposition of Ed R. Livoni.

The defendants both testified and denied that they signed the note sued upon. They denied signing any of the documents except exhibit 3, the contract dated October 24, 1951, and their signatures on exhibits 5 and 6, written at the trial. The court finds that the defendants did not sign or authorize any one else to sign the note sued upon and that the alleged signatures of the defendants appearing thereon are forgeries.

### 6.

The note contains the following acceleration clause:

"If any installment is not paid when due, the entire balance of this note shall become due and payable at the option of the holder."

### Discussion.

The chief defense of the defendants is that the note sued upon is a forgery. Section 28–927, Ark.Stats. 1947, reads as follows:

"Where a writing, purporting to have been executed by one of the

parties, is referred to in, and filed with, a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun."

■■ The note sued upon was referred to in the complaint but was not filed with the complaint, and the answer of defendants in which they denied the execution of the note was not verified by affidavit. However, the plaintiff in its request for admissions requested the defendants to admit the genuineness of the note sued upon and defendants responded thereto under oath denying the genuineness of the note and stated that the note was not signed by them and that the alleged signatures thereon were forgeries. This was sufficient to invoke the terms of the statute. In other words, the defendants were not required to deny the genuineness of the note sued upon until it was filed in the case by plaintiffs. Terrill v. Fowler, 175 Ark. 1010, 1 S.W.2d 75.

■ Under the Arkansas statute the question of where the burden of proof lies is not a mere matter of practice but is a substantial right and is properly governed by the statute. In Section 26.292, 8 Cyclopedia of Federal Procedure (Third Edition), the rule is stated as follows:

"While the new Rules of Civil Procedure [28 U.S.C.A.] contain no provision dealing specifically with burden of proof, it seems that the burden of proof, insofar as it may be a mere 'rule' of evidence or procedure, is within the purview of Rule 43(a), so as to be properly governed by applicable statutes of the United States, rules of evidence heretofore applied in courts of the United States on the hearing of suits in equity, or rules of evidence applied in courts of general jurisdiction of the state in which the United States court is held. But, in view of the decision in the Erie Railroad Case, where the burden of proof is not a mere matter of practice, but relates to a substantial right, it is properly governed by state rule or statute, if there is one, rather than by Federal rules and views, notwithstanding Rule 8(c) of the Rules of Civil Procedure which requires a party, in pleading to a preceding pleading to set forth affirmatively any matter constituting an avoidance or affirmative defense." See, Cities Service Oil Company v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196, Ellis v. Henderson, 5 Cir., 204 F.2d 173.

In the latter case the court 204 F.2d at page 175 of the opinion said:

"In any event the Supreme Court has indicated that burden of proof is not procedural but substantive. (Citing cases.)"

■ The burden of proof being a substantive right, the law of Arkansas governs.

A literal reading of the statute of Arkansas would seem to indicate that a note sued upon might be offered as an exhibit for identification but not read in evidence as genuine against a defendant who has denied its genuineness by affidavit, until the plaintiff has introduced some evidence tending to prove the execution of the note.

The Supreme Court of Arkansas, in Harrell v. Southwest Mortgage Co., 180 Ark. 620, 22 S.W.2d 167, beginning on page 623 of 180 Ark., on page 168 of 22 S.W.2d said:

"The purpose of the statute is to permit the party who files a written instrument with his pleadings to introduce it in evidence as genuine, unless its genuineness is first denied under oath. When this affidavit is made and its genuineness is denied, then the party, without some other evidence, could not introduce the instrument as genuine.

"This court said, in discussing this statute: 'It means only that, in the absence of such an affidavit, the party offering the instrument may introduce it without proof of

its execution, and that it is taken prima facie as genuine, but its genuineness may be contested. In other words, the statute merely establishes a rule of evidence, and does not bar the opposite party absolutely of his right to contest its genuineness; nor does the failure to deny its genuineness by affidavit give it the force of absolute verity. Where such an instrument is pleaded in a complaint, its genuineness is not in issue, unless denied in the answer; but the pleading of such an instrument in the answer by way of defense does not call for a reply from the plaintiff. He may, by failing to file the necessary affidavit, permit it to be read as prima facie genuine, and then introduce evidence contesting its genuineness.' St. Louis I. M. & S. R. Co. v. Smith, 82 Ark. 105, 100 S.W. 884, 886; J. R. Watkins Medical Co. v. Montgomery, 140 Ark. 487, 215 S.W. 638; Missouri Pac. Ry. Co. v. Yarnell, 65 Ark. 320, 46 S.W. 943; Weaver v. Carnall, 35 Ark. 198, 37 Am.Rep. 22; Hall v. Rea, 85 Ark. 269, 107 S.W. 1176."

On page 625 of the opinion in 180 Ark., on page 169 of 22 S.W.2d, the court said:

"It is clear from all the decisions that we have found construing this statute that the only purpose and effect of the statute is to require proof of the execution of the instrument before its introduction."

■ The required affidavit was filed by both defendants and the proof introduced by plaintiff in an effort to establish the execution of the note by defendants was plaintiff's exhibit 3, the written contract executed by defendants with Crossett Paint & Roofing Company; exhibit B, the F.H.A. Title I Completion Certificate dated October 24, 1951; exhibit 1, Credit Application dated October 24, 1951; exhibit 2, F.H.A. Title I Cash Down Payment Certificate dated November 10, 1951; exhibit 5, signatures of defendant, Lettie Davis, written by her at the trial, and exhibit 6, signatures of defendant, Rev. J. D. Davis, written by him during the trial. The defendants denied signing any of these documents except exhibit 3, the contract dated October 24, 1951, above referred to, and their signatures, written at the trial on exhibits 5 and 6. Notwithstanding the denial by defendants of the execution of the various documents, the court has considered and compared the signatures on said contested exhibits, including the note sued upon, with the admitted signatures of defendants on the contract, exhibit 3, and on exhibits 5 and 6. The plaintiff did not introduce the testimony of any handwriting expert, and the burden of trying to determine whether the note sued upon was executed by defendants was placed squarely upon the court. The introduction of these contested documents bearing the names of the defendants was a sufficient showing to allow the note to be introduced in evidence and, when it was introduced in evidence, the question of the genuineness of the note became a question of fact to be determined by the court.

The defendants both testified positively that they signed only one document, exhibit 3, the contract dated October 24, 1951, and, notwithstanding the fact that they are parties and directly interested, there does not appear to be any reason why their testimony should not be accepted by the court as true. The introduction of the documents above referred to by plaintiff does not convince the court that the note sued upon is genuine.

■ The burden of proof clearly rested upon the plaintiff to establish the genuineness of the note sued upon. Ohio Galvanizing & Mfg. Co. v. Nichol, 170 Ark. 16–20, 279 S.W. 377. If the defendants had not filed the affidavit required by the statute, the burden of proving that the signatures appearing on the note were forgeries would have rested upon the defendants. Callaway v. Ashby, 192 Ark. 929, 95 S.W.2d 907; Terrill v. Fowler, supra. The genuineness of the note could have been contested by the defend-

ants even though they had not filed the affidavit but, in the absence of the affidavit, the note could have been read as prima facie evidence of its recitals or terms.

The plaintiff did not discharge the burden cast upon it by the law of Arkansas, which, as heretofore stated, is a substantive right given the defendants by the statute.

At the time the note was acquired by Allied Building Credits, Inc., it was not overdue; it was complete and regular upon its face and was purchased for value in good faith, and without notice of any infirmity or defect in the title of Arkansas Home Building & Repairing Company. Therefore, Allied Building Credits, Inc., was a holder in due course. Section 68–152, Ark.Stats. 1947, Annotated. And, since the plaintiff derived its title through a holder in due course, and was not a party to any fraud or illegality affecting the note, it has all the rights of Allied Building Credits, Inc. Section 68–158, Ark.Stats.1947, Annotated. However, the defense of forgery is a valid defense as against the United States, Sec. 68–123 Ark.Stats. 1947, Annotated. The mere fact that payments were made upon the note by the defendants to Allied Building Credits, Inc., is not such a ratification as will preclude them from asserting the defense of forgery. See, United States of America v. Wimbley, D.C.W.D.Ark., 125 F. Supp. 691.

Conclusions of Law.

1.

The court has jurisdiction of the parties to and the subject matter of this cause of action.

2.

The defendants, Rev. J. D. Davis and Lettie Davis, did not sign the note in question and are not bound thereon.

3.

The defendants did not ratify the note or signatures thereon and are not estopped from asserting the defense of forgery.

4.

The plaintiff is not entitled to recover from the defendants on the note sued upon and the complaint of plaintiff should be dismissed.

A judgment in accordance with the above should be entered.